UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTERESTED UNDERWRITERS AT LLOYD'S and THAI TOKAI PRODUCT CO. LTD., <br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>M/T SAN SEBASTIAN, her freights, *In rem,* OILMAR CO., LTD., *In personam,*<br><br>　　　　　　Defendants. | CIVIL ACTION NO.<br>1:03-CV-1778-WSD |
| PT CABOT INDONESIA and ATLANTIC MUTUAL INSURANCE CO.,<br>　　　　　　Intervening Plaintiffs,<br>　　v.<br><br>M/T SAN SEBASTIAN, her freights, etc., *In rem*, OILMAR CO., LTD., PANAMA, *In personam,*<br><br>　　　　　　Defendants. | |

**OPINION AND ORDER**

　　This matter is before the Court on Defendant's Bill of Cost [119] and Plaintiffs' Objection to Bill of Costs [123]. Plaintiff's object to the following costs claimed by the Defendant:

1. <u>Pink deposition transcript fee ($680)</u>.  Plaintiff claims these costs should be denied because "the prevailing party is not entitled to recover costs for copies of depositions if [the prevailing party] actually took the deposition and because Defendant should have avoided the deposition by stipulating to the amount of Plaintiff's claim.  Defendant has withdrawn its request to be reimbursed this cost and this objection is denied as moot.

2. <u>Court reporter realtime transcript fee ($1,419)</u>.  Plaintiff claims the fees for this realtime transcription and copy were not necessary in view of the short length of the trial and that post-trial briefs were not required by the Court.  The Court concludes these transcription fees were for the convenience of counsel and were not necessary.  This objection is sustained and these costs are not allowed.

3. <u>Witness travel expenses ($13,607.90)</u>.  Plaintiff objects to Defendant's charge for business class travel of witnesses to trial.  Defendant claims "it is not reasonable to require a witness to travel in economy class on long intercontinental overnight flights."  28 U.S.C. § 1821 (c)(1) allows for reimbursement of witness expenses for carriage by "a common carrier at the most economical rate reasonable available."  Travel at business class rates is not the most economically reasonably available travel and business class travel is not allowed.  The most economical,

reasonable rate is the restricted fare.[1]  Accordingly, this objection is sustained.  The aggregate restricted economy class fare for Captain Papeschi and Dr. Lygate witnesses is $2,775.24 and witness travel is allowed in this amount.

    4. <u>Fees for standby interpreter ($1,774.39)</u>.  Plaintiff objects to charges for an interpreter that Defendant retained for trial but who was not used.  Interpretation services were provided at trial by an interpreter retained, and paid for, by the Plaintiff.  Defendant claims it had to retain a second interpreter because it was not able to coordinate interpreter services with the Plaintiff.  The Court cannot award costs caused by this inefficiency and will not award costs for services that were not used.  Accordingly, the Court sustains this objection and costs are disallowed for the interpretation services charge by Defendants' interpreter.

---

[1] Had any witness had to incur a penalty as a result of a change in arrangements and the grounds for the change was reasonable, the Court would have reimbursed Defendant for that additional expense.  The obligation under this statute is to seek the most economical fare.  The Court notes that federal judicial officers are required to travel on restricted, economy class fares on official business, including intercontinental flights.

**IT IS HEREBY ORDERED** that Plaintiff's Objection to Bill of Costs [123] is **GRANTED IN PART AND DENIED IN PART**, consistent with the terms of this order.

**SO ORDERED** this 30th day of August, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE